# EXHIBIT A

Brian J. Mankin, Esq. [CSB No. 216228]
Peter J. Carlson, Esq. [CSB No. 295611]
FERNANDEZ & LAUBY LLP
4590 Allstate Drive
Riverside, CA 92501
Tel: (951) 320-1444
Fax: (951) 320-1445
bjm@fernandezlauby.com
pjc@fernandezlauby.com

Attorneys for Plaintiff ALYSSA HERNANDEZ, individually, on a representative basis, and on behalf of all others similarly situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

**JUN 08 2017**

BY _____
MANUEL HENRY ANDRIANO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ALYSSA HERNANDEZ, individually, on a representative basis, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Limited Liability Corporation; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.:   CIVDS1710945<br><br>**COMPLAINT**<br><br>**CLASS ACTION CLAIMS**<br><br>(1)  Failure to Pay Wages for All Hours Worked;<br>(2)  Failure to Provide Meal Periods;<br>(3)  Failure to Provide Rest Breaks;<br>(4)  Failure to Timely Pay Final Wages<br>(5)  Failure to Provide Accurate Itemized Wage Statements; and<br>(6)  Unfair and Unlawful Competition<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ALYSSA HERNANDEZ ("Plaintiff"), on behalf of herself, on a representative basis, and on behalf of others similarly situated, complains and alleges as follows.

I.  **INTRODUCTION AND GENERAL ALLEGATIONS**

1.      Plaintiff brings this action against her employer, WAL-MART ASSOCIATES, INC., and DOES 1 through 10, (collectively the "Defendants") on behalf of herself, and all other similarly situated current and former non-exempt employees who were employed by Defendants in the State of California and who worked in a Walmart Fulfillment Center (hereinafter, the

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Exhibit A
Page 11

Fernandez & Lauby LLP
www.California-Employment-Lawyers.com

1  "Class" or "Represented Employees"), for California Labor Code violations stemming from

2  Defendants' failure to pay wages for all hours worked, failure to provide mandated meal periods,

3  failure to provide rest breaks, failure to timely pay final wages, and failure to provide accurate

4  itemized wage statements.

5      2.     Plaintiff has been employed by Defendants as a forklift operator at the Walmart

6  Fulfillment Center since approximately July 2016.

7      3.     Plaintiff alleges on information and belief that the Represented Employees were

8  subjected to the same policies, working conditions, and corresponding wage and hour violations

9  to which Plaintiff was subjected during their employment.

10      4.     At all relevant times during Plaintiff's employment with Defendants, she was

11  required to go through a security checkpoint when leaving the building during meal periods and

12  at the end of her shift.  However, Defendants required Plaintiff to clock-out from its timekeeping

13  system before going through the security checkpoint.  Although it often took 15 to 20 minutes

14  for Plaintiff to get through the security checkpoint, Defendants did not provide any compensation

15  to Plaintiff for this time spent subject to the control of Defendants.  As a result, Plaintiff was not

16  fully compensated for all minimum, regular, and overtime wages.

17      5.     Furthermore, at all relevant times, Plaintiff was denied mandated 30-minute off-

18  duty meal periods, as mandated by California law, during her employment with Defendants.

19  Defendant provided Plaintiff and the Represented Employees with 30 minutes for meal periods,

20  but this 30-minute period was inclusive of the employee leaving the work area, waiting in a line

21  to clock-out, waiting in a long line to go through the security checkpoint, and then standing in

22  line to clock-in at the end of end of the meal period.  As Plaintiff and the Represented Employees

23  were only allotted 30 minutes for each meal period, yet were under the control of the company

24  when waiting clock in/out and to go through the security checkpoint, Plaintiff and the

25  Represented Employees were regularly not provided with uninterrupted meal periods of at least

26  30 minutes, as required by California law.  Also, the practical effect of Defendant's policy of

27  requiring employees to go through a security checkpoint to leave the premises for meal periods

28  often resulted in Plaintiff and the Represented Employees staying on the premises and otherwise

1  not exercising their right to leave the facility, as doing so would further reduce the length of their

2  meal periods.

3        6.     Also, at all relevant times, Plaintiff was not provided with 10 minutes of net rest

4  break time for every 4 hours worked, or major fraction thereof, as mandated by California law.

5  Plaintiff and the Represented Employees were not permitted to take rest breaks at their station

6  and, instead, were required to take rest breaks only in designated rest areas.  As a result of the

7  time required to travel to and from the designated rest areas, Plaintiff and the Represented

8  Employees were not provided net rest periods of at least 10 minutes for each 4-hour work period,

9  or major fraction thereof.

10        7.     Plaintiff further alleges that Defendants engaged in the practice of failing to pay

11  all wages due and owing to Plaintiff and the Represented Employees at the time their

12  employment ended with Defendants, including, but not limited to regular wages, minimum

13  wages, wage premiums, among others.

14        8.     Plaintiff also alleges that she and the Represented Employees did not receive

15  accurate itemized wage statements that fully complied with the requirements of Labor Code §

16  226(a) due to violations including: failure to accurately state gross wages earned; failure to

17  accurately state total hours worked; failure to accurately state all deductions; failure to accurately

18  state net wages earned; and, failure to state all applicable hourly rates in effect during the pay

19  period and the corresponding number of hours worked at each hourly rate by the employee.

20        9.     Plaintiff alleges that Defendants' violations of the wage and hour components of

21  the Labor Code and IWC Wage Orders enabled it to decrease expenses and to increase its level

22  of productivity and profits, thereby allowing Defendants to gain an unfair advantage over its

23  competitors.

24        10.    At all material times, Defendant and DOES 1 through 10 were and/or are

25  Represented Employees' employers or persons acting on behalf of Represented Employees'

26  employer, within the meaning of California Labor Code § 558, who violated or caused to be

27  violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating

28  hours and days of work in any Order of the Industrial Welfare Commission and, as such, are

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Exhibit A
Page 13

1   subject to penalties for each underpaid employee as set forth in Labor Code § 558 and under

2   California law, including *Thurmon v. Bayshore Transit Management, Inc.* (2012) 203

3   Cal.App.4th 1112.

4         11.    Plaintiff brings this lawsuit seeking declaratory, injunctive, equitable, and

5   monetary relief against Defendants and each of them, on behalf of herself and the Represented

6   Employees to recover, among other things, unpaid wages and benefits, interest, attorneys' fees,

7   penalties, costs and expenses pursuant to California Labor Code §§ 201, 202, 203, 204, 208, 210,

8   218.6, 221, 223, 225.5, 226, 226.3, 226.7, 256, 510, 512, 1194, and 1194.2, among possibly

9   other sections inadvertently omitted. Plaintiff also reserves the right to name additional

10  representatives throughout the State of California.

11        12.    Pursuant to Labor Code § 2699.3(a), on June 8, 2017, Plaintiff gave written notice

12  by online filing to the Labor and Workforce Development Agency ("LWDA") and by certified

13  mail to Defendant WAL-MART ASSOCIATES, INC., of the specific provisions of the Labor

14  Code alleged to have been violated, including the facts and theories to support the alleged

15  violations. The waiting period imposed by Labor Code § 2699.3(a)(2)(A) has not yet elapsed.

16  In accordance with Labor Code § 2699(g)(1), Plaintiff reserves the right to amend this complaint

17  or bring a separate complaint within 60 days of: 1) receipt of notice from the LWDA that it does

18  not intend to investigate the alleged violation, or 2) if no notice is provided by the LWDA.

19  Pursuant to Labor Code § 2699.3(a)(2)(C), "[n]otwithstanding any other provision of law, a

20  plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

21  under this part at any time within 60 days of the time periods specified in this part."

22  **II.**    **<u>JURISDICTION</u>**

23        13.    This Court has jurisdiction over the claims for relief of Plaintiff and the

24  Represented Employees pursuant to the Labor Code and the IWC Wage Orders, among other

25  sections.

26  **III.**   **<u>VENUE</u>**

27        14.    Venue as to each Defendant is proper in this Court, pursuant to Code of Civil

28  Procedure § 395(a). Defendants transact business in San Bernardino County and the unlawful

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

1  acts alleged herein have a direct effect on Plaintiff and the Represented Employees in San

2  Bernardino County.  Furthermore, Defendants employed or employ Plaintiff and Represented

3  Employees in San Bernardino County.

4  **IV.    PARTIES**

5        **Plaintiff**

6        15.     Plaintiff and Class Representative ALYSSA HERNANDEZ has been employed

7  by Defendants since approximately July 2016, and performed work for Defendants in San

8  Bernardino County, California.

9        **Defendants**

10        16.     Plaintiff is informed and believes and thereon alleges that Defendant WAL-

11  MART ASSOCIATES, INC., is a Delaware Limited Liability Corporation authorized to and

12  doing business in San Bernardino County, California, and is and/or was the legal employer of

13  Plaintiff and the Represented Employees during the applicable statutory periods.

14        17.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of

15  participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 10,

16  inclusive, but on information and belief alleges that those Defendants are legally responsible for

17  the payment of penalties and damages to Plaintiff and all Represented Employees by virtue of

18  Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious

19  names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE

20  Defendants when ascertained.

21        · 18.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and

22  each of them, acted in all respects pertinent to this action as the agent of the other Defendants,

23  carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of

24  each Defendant are legally attributable to the other Defendants. On information and belief, a

25  unity of interest and ownership between each Defendant exists such that all Defendants acted as

26  a single employer of Plaintiff and other similarly situated employees.

27  ///

28  ///

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

**V.    CLASS ACTION ALLEGATIONS**

19.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

20.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Code of Civil Procedure § 382.

21.    The relevant time period for this class action is defined as the time period beginning four years prior to the filing of this action until judgment is entered (the "Relevant Time Period").

22.    The Class, also referred to as the "Represented Employees," that Plaintiff seeks to represent is defined as follows:

**Walmart Class**

All current and former non-exempt employees employed by Defendants in the State of California and who worked in a Walmart Fulfillment Center at any time during the Relevant Time Period.

23.    Plaintiff also seeks to represent the following subclasses:

**Security Checkpoint Subclass**

All Represented Employees who were required to go through a security checkpoint during a meal period and/or at the end of his/her shift during the Relevant Time Period.

**Meal Break Subclass**

All Represented Employees who worked a shift in excess of 5 hours during the Relevant Time Period.

**Rest Break Subclass**

All Represented Employees who worked a shift of at least 3.5 hours during the Relevant Time Period.

**Waiting Time Penalty Subclass**

All Represented Employees who separated from their

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Exhibit A
Page 16

employment with Defendants during the period three years before the filing of this action and ending when final judgment is entered.

### Wage Statement Penalties Subclass

All Represented Employees during the period one year before the filing of this action and ending when final judgment is entered.

24. Plaintiff reserves the right to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

25. Plaintiff, as Class Representative, is a member of the class and subclasses that she seeks to represent.

26. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable from Defendants' personnel and payroll records.

27. **Numerosity:** The potential members of the Class as defined are so numerous that a joinder of all Represented Employees is impracticable. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' payroll and personnel records.

28. **Commonality:** There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation:

i.     Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to pay wages to Plaintiff and the Security Checkpoint Subclass for all hours worked, including minimum, regular, and overtime wages;

ii.     Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to provide mandated meal periods to Plaintiff and Meal Period

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

1  Subclass and whether Defendants failed to compensate Plaintiff and the Meal Period Subclass

2  with one additional hour of wages for each instance when a mandated meal period was not

3  provided;

4         iii.    Whether Defendants violated the California Labor Code and applicable

5  IWC Wage Order by failing to provide paid rest breaks to Plaintiff and Rest Break Subclass and

6  whether Defendants failed to compensate Plaintiff and the Rest Break Subclass with one

7  additional hour of wages for each instance when a paid rest break was not provided;

8         iv.    Whether Defendants violated the California Labor Code by failing to pay

9  all wages due upon separation of employment between Defendants and Plaintiff and the Security

10  Checkpoint Subclass, whether such separation was voluntary or involuntary;

11         v.    Whether Defendants violated the California Labor Code by failing to

12  provide Plaintiff and Represented Employees with complete, accurate, itemized wage statements;

13         vi.    Whether Defendants violated California Business & Professions Code §§

14  17200 *et seq.* due to the: failure to pay wages for all hours worked; failure to provide mandated

15  meal periods; failure to provide mandated paid rest breaks; and, failure to timely pay final wages;

16         vii.    Whether Defendants violated § 17200 *et seq.* of the California Business

17  and Professions Code and, without limitation, California Labor Code §§ 201, 202, 203, 204, 208,

18  210, 218.6, 221, 223, 225.5, 226, 226.3, 226.7, 256, 510, 512, 1194, and 1194.2, among possibly

19  other sections inadvertently omitted, and the applicable IWC Wage Order, which violations

20  constitute false, fraudulent, unlawful, unfair and deceptive business practices; and

21         viii.    Whether Plaintiff and Represented Employees are entitled to equitable

22  relief pursuant to California Business & Professions Code §§ 17200 *et seq.*

23      29.    **Typicality:** Plaintiff's claims, as the Class Representative, are typical of the

24  claims of The Class. Plaintiff, like other members of The Class, was subjected to Defendants'

25  ongoing Labor Code and Wage Order violations including pertaining to the failure to pay wages

26  for all hours worked, failure to provide mandated meal periods, failure to provide mandate paid

27  rest breaks, failure to timely pay final wages, and failure to provide accurate itemized wage

28  statements.

30:     **Adequacy of Representation**. Plaintiff, as the Class Representative, will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are not in conflict with those of the Class. Class Representatives' counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

31.     **Superiority of Class Action**. Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Represented Employees is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Represented Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS WORKED

(Labor Code §§ 221, 223, 1194, 1194.2, 1197; IWC Wage Order § 4)

*(Plaintiff and the Security Checkpoint Subclass)*

32.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.     Plaintiff and members of the Security Checkpoint Subclass were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

34.     At all relevant times herein, Plaintiff and members of the Security Checkpoint Subclass were required to go through a security checkpoint when leaving the building for a meal period and/or at the end of their shift.  However, Defendants required Plaintiff and members of the Security Checkpoint Subclass to clock-out from its timekeeping system before going through the security checkpoint.  Although it often took 15 to 20 minutes for Plaintiff and members of the Security Checkpoint Subclass to get through the security checkpoint, Defendants did not provide

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Exhibit A
Page 19

1   any compensation to Plaintiff and the Security Checkpoint Subclass for this time spent subject to

2   the control of Defendants.  As a result, Plaintiff and the Security Checkpoint Subclass were not

3   fully compensated for all minimum and regular wages.

4        35.     As a result of Defendants' policy or practice described above, Plaintiff and

5   members of the Security Checkpoint Subclass were required to perform off-the-clock work that

6   Defendants either knew or should have known they were performing.

7        36.     Consequently, Defendants violated California Labor Code laws and minimum

8   wage laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC Wage Order 9, § 4, and

9   Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

10       37.     Also, Plaintiff and members of the Security Checkpoint Subclass were "non-

11  exempt" employees of Defendants who did not receive proper protections and benefits of the

12  laws governing payment of overtime wages.

13       38.     Labor Code § 204 requires that the employer timely pay all overtime wages to its

14  employees.  Labor Code § 510(a) and the applicable IWC Wage Order § 3(A) provide that any

15  work performed in excess of eight (8) hours in one workday or in excess of forty (40) hours in

16  any one workweek shall be compensated at the rate of no less than one and one-half times the

17  regular rate of pay for an employee.  Furthermore, any work performed in excess of twelve (12)

18  in one workday shall be compensated at twice the regular rate of pay for an employee.

19       39.     As a result of Defendants' failure to include the time spent by Plaintiff and

20  members of the Security Checkpoint Subclass going through the security checkpoint after

21  clocking out of the timekeeping system, Defendants failed to provide proper overtime

22  compensation to Plaintiff and the Security Checkpoint Subclass for hours worked in excess of 8

23  and/or 12 per day and/or 40 per week.

24       40.     Defendants violate Labor Code §§ 204 and 510 and the applicable IWC Wage

25  Order § 3(A) every pay period with respect to Plaintiff and the Security Checkpoint Subclass

26  because Defendants failed to pay Plaintiff and members of the Security Checkpoint Subclass for

27  all hours worked, including overtime hours, and required Plaintiff and the Security Checkpoint

28  Subclass to work without being properly compensated for all overtime wages earned.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Exhibit A
Page 20

41. Plaintiff is informed and believes and thereon allege that Defendants intentionally, willfully, and improperly failed to pay wages to Plaintiff and the Security Checkpoint Subclass for each hour worked in violation of Labor Code §§ 204, 221-223, 510, 1194 and 1197.

42. Defendants' conduct was willful, as Defendants knew that Plaintiff and the Security Checkpoint Subclass were entitled to be paid wages throughout the statutory period for each hour worked, including proper minimum and overtime wages, yet Defendants chose not to pay them in accordance thereto.

43. At all material times, Defendants DOES 1 through 10 were and/or are Plaintiff and the Security Checkpoint Subclass' employers or persons acting on behalf of Plaintiff and the Security Checkpoint Subclass' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated Labor Code § 204 and a provision or provisions of Part 2, Chapter 1 of the California Labor Code regulating hours and days of work respectively.

44. During Plaintiff's and the Security Checkpoint Subclass' employment, Defendants failed to pay them all wages to which they were entitled, thereby receiving an economic benefit.

45. As a result of Defendants' wrongful conduct, Plaintiff and the Security Checkpoint Subclass have been damaged in amounts to be proven at trial.

46. Plaintiff, on behalf of herself and the Security Checkpoint Subclass, seeks recovery of all unpaid wages, including unpaid minimum, regular, and overtime wages, liquidated damages, penalties, interest, attorneys' fees and costs of suit, pursuant to Labor Code §§ 1194 and 1194.2, against Defendants in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Labor Code § 226.7 and 512; IWC Wage Order § 11, 12)

#### (*Plaintiff and the Meal Period Subclass*)

47. Plaintiff realleges and incorporates by this reference paragraphs 1 through 46, inclusive, as though fully set forth herein.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

48.     Plaintiff and members of the Meal Period Subclass are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory meal periods.

49.     Labor Code § 226.7 requires employers, including Defendants, to provide non-exempt employees with meal periods as mandated by the Industrial Welfare Commission.

50.     Labor Code § 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee the opportunity to take an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.  Employers may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

51.     Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order § 11(B), Defendants shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each meal period that is missed.

52.     At all relevant times herein, Plaintiff and members of the Meal Period Subclass were denied the 30-minute meal periods to which they were entitled.

53.     At all relevant times, Defendants employed a policy and practice that provided Plaintiff and members of the Meal Period Subclass with 30 minutes for meal periods, but this 30-minute period was inclusive of the employee leaving the work area, waiting in a line to clock-out, waiting in a long line to go through the security checkpoint, and then standing in line to clock-in at the end of end of the meal period.  As Plaintiff and members of the Meal Period Subclass were only allotted 30 minutes for each meal period, yet were under the control of the company when waiting to clock in/out and to go through the security checkpoint, Plaintiff and members of the Meal Period Subclass were regularly not provided with uninterrupted meal periods of at least 30 minutes, as required by California law.

54.     Also, the practical effect of Defendant's policy described above resulted in Plaintiff and members of the Meal Period Subclass being forced to stay on the premises for their

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

1   meal periods, and otherwise not exercising their right to leave the facility, as leaving the

2   premises would require a lengthy wait in the security checkpoint line, which would intrude into

3   their meal periods.

4       55.     Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage

5   Order every pay period with respect to Plaintiff and the Meal Period Subclass because Plaintiff

6   and the Meal Period Subclass were not provided with all mandatory meal and Defendants failed

7   to pay Plaintiff and the Meal Period Subclass one additional hour of compensation in lieu

8   thereof.

9       56.     At all relevant times herein, Defendants failed to provide Plaintiff and the Meal

10  Period Subclass all mandated meal periods and failed to pay wage premiums in lieu of mandated

11  meal or rest periods, thereby receiving an economic benefit.

12      57.     On information and belief, Plaintiff and the Meal Period Subclass did not

13  voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers

14  obtained from Plaintiff and the Meal Period Subclass were not willfully obtained, were not

15  voluntarily agreed to, were a condition of employment, or were a part of a contract of an

16  unlawful adhesion. Defendants did not permit or authorize Plaintiff and the Meal Period Subclass

17  to take meal periods in accordance with California law.

18      58.     By their failure to provide Plaintiff and the Meal Period Subclass with meal

19  periods as required by California law, and failing to pay one hour of additional wages in lieu of

20  each meal period not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and

21  IWC Wage Order § 11. Accordingly, Defendants are liable for one hour of additional wages at

22  the employee's regular rate of compensation for each work day that a meal period and/or paid

23  rest break was not lawfully provided in an amount to be proven at time of trial.

24      59.     Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512,

25  and IWC Wage Order § 11, Defendants, and each of them, are liable to Plaintiff and the Meal

26  Period Subclass for penalties, reasonable attorneys' fees, costs, and interest under Labor Code §§

27  218.5, 218.6, and 1194 and/or as permitted by law.

28  ///

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

(Labor Code § 226.7 and 512; IWC Wage Order § 12)

*(Plaintiff and the Rest Break Subclass)*

60.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 59, inclusive, as though fully set forth herein.

61.     Plaintiff and members of the Rest Break Subclass are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory rest breaks.

62.     Labor Code § 226.7 requires employers, including Defendants, to provide rest breaks to its non-exempt employees as mandated by Order of the Industrial Welfare Commission.

63.     The IWC Wage Order § 12 states, in part, that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Employees shall receive a 10-minute rest period every four hours or major fraction thereof that they are required to work. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

64.     Pursuant to Labor Code § 226.7(b) and Section 12(B) of the applicable Wage Order, Defendants shall pay Plaintiff one additional hour of pay at her regular rate of compensation for each day that the rest period is not provided.

65.     At all relevant times herein, Plaintiff and the Rest Break Subclass were not provided with 10 minutes of net rest break time for every 4 hours worked, or major fraction thereof, as mandated by California law. Plaintiff and the Rest Break Subclass were not permitted to take rest breaks at their station and, instead, were required to take their rest breaks in designated rest areas. As a result of the time required to travel to and from the designated rest areas, Plaintiff and the Rest Break Subclass were not provided net rest periods of at least 10 minutes for each 4-hour work period, or major fraction thereof.

///

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

66.     Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the Rest Break Subclass because Plaintiff and the Rest Break Subclass were not provided with all mandatory rest periods and Defendants failed to pay Plaintiff and the Rest Break Subclass one additional hour of compensation in lieu thereof.

67.     At all relevant times herein, Defendants failed to provide Plaintiff and the Rest Break Subclass all mandated rest breaks and failed to pay wage premiums in lieu of mandated rest periods, thereby receiving an economic benefit.

68.     By their failure to provide Plaintiff and the Rest Break Subclass with rest breaks as required by California law, and failing to pay one hour of additional wages in lieu of each rest break not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order § 12. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period and/or paid rest break was not lawfully provided in an amount to be proven at time of trial.

69.     Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512, and IWC Wage Order § 12, Defendants, and each of them, are liable to Plaintiff and the Rest Break Subclass for penalties, reasonable attorneys' fees, costs, and interest under Labor Code §§ 218.5, 218.6, and 1194 and/or as permitted by law.

**FOURTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY FINAL WAGES**

(Labor Code § 201 – 203)

(*Plaintiff and the Waiting Time Penalty Subclass*)

70.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 69, inclusive, as though fully set forth herein.

71.     Plaintiff and the Waiting Time Penalty Subclass are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of wages.

///

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Exhibit A
Page 25

72.     Labor Code § 201 requires that the employer immediately pay any wages, without abatement or reduction, to any employee who is discharged.

73.     Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

74.     Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

75.     At all relevant times here, Defendants did not provide Plaintiff and the Waiting Time Penalty Subclass with all wages due and owing upon separation of employment, including, but not limited to, minimum, regular, and overtime wages, as well as meal and rest period premiums, within the time specified by Labor Code §§ 201 – 203.

76.     Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay to Plaintiff and the Waiting Time Penalty Subclass all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202. Consequently, pursuant to Labor Code § 203, Defendants owe Plaintiff and the Waiting Time Penalty Subclass the above-described waiting time penalty, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Labor Code § 226)

*(Plaintiff and the Wage Statement Penalties Subclass)*

77.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 76, inclusive, as though fully set forth herein.

78.     Plaintiff and the Wage Statement Penalties Subclass are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

///

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Exhibit A
Page 26

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

79.     Labor Code § 226(a) requires that employers furnish its employees with written itemized wage statements, semimonthly or at the time of each payment of wages, that show the gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

80.     Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Wage Statement Penalties Subclass because Defendants failed to provide a wage statement to Plaintiff and the Wage Statement Penalties Subclass that complied with the requirements of Labor Code § 226(a) by failing to accurately state gross wages earned, failure to accurately state total hours worked, failure to accurately state all deductions, failure to accurately state net wages earned, and failure to state all applicable hourly rates in effect during the pay period and the corresponding number of hours at each hourly rate by the employee.

81.     Defendants' failure to provide the required writing deprived Plaintiff and the Wage Statement Penalties Subclass of the ability to know, understand, and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants.  Therefore, Plaintiff and the Wage Statement Penalties Subclass had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to said Defendants. As a direct result, Plaintiff and the Wage Statement Penalties Subclass have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damages in amounts according to proof at trial.

82.     As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and the Wage Statement Penalties Subclass have suffered an injury in that each was prevented from knowing, understanding and disputing the wage payments paid to them.  Furthermore, Plaintiff and the Wage Statement Penalties Subclass have each suffered an injury in that the failure to show all wages earned on the itemized wage statements resulted in Plaintiff and the Wage Statement Penalties Subclass being denied all necessary deductions,

1   payments, and withholdings owed by the employer, including, but not limited to, the failure to

2   make all necessary contributions for unemployment benefits, social security benefits, proper

3   payment of taxes and withholdings, and other mandated state and federal benefits.

4         83.    Plaintiff has also been injured as a result of having to bring this action to attempt

5   to obtain correct wage information following Defendants' refusal to comply with many of the

6   mandates of California's Labor Code and related laws and regulations.

7         84.    Labor Code § 226(e) requires said Defendants to pay the greater of all actual

8   damages or fifty dollars ($50.00) per employee for the initial pay period in which a violation

9   occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay

10   periods, plus attorney's fees and costs, to Plaintiff and the Wage Statement Penalties Subclass

11   who were injured by Defendants' failure to comply with Labor Code § 226(a).  The exact

12   amount of the applicable penalty is all in an amount to be shown according to proof at trial.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

13                     **SIXTH CAUSE OF ACTION**

14             **UNFAIR AND UNLAWFUL COMPETITION**

15             (Business and Professions Code § 17200 *et seq.*)

16                *(Plaintiff and the Represented Employees)*

17         85.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 84,

18   inclusive, as though fully set forth herein.

19         86.    California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair

20   competition, which includes any "unlawful, unfair or fraudulent business act or practice."  The

21   Represented Employees, including Plaintiff, have suffered and continue to suffer injuries in fact,

22   due to the unfair and unlawful business practices of Defendants as alleged herein.

23         87.    Defendants, and each of them, are "persons" as defined under Business &

24   Professions Code § 17021.

25         88.    As alleged herein, Defendants engaged in conduct that violated California's wage

26   and hour laws, including failure to pay wages for all hours worked, failure to provide mandated

27   meal periods and rest breaks, and failure to timely pay final wages, all in order to decrease their

28   costs and increase their profits.

89.    At all times relevant herein, Defendants did not pay Plaintiff and the Represented Employees wages and monies and other financial obligations to which they were entitled.

90.    As a result of Defendants' failure to comply with the Labor Code and IWC Orders, Represented Employees, including Plaintiff, suffered a loss of wages and monies, all in an amount to be shown according to proof at trial.  Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Bus. & Prof. Code § 17200, *et seq*.

91.    Defendants' violations of the California Labor Code and IWC Wage Orders and its scheme to lower its payroll costs as alleged herein, constitute unlawful and unfair business practices because it was done in a systematic manner over a period of time to the detriment of the Plaintiff and all others similarly-situated.

92.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Represented Employees, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

93.    A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy, and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code §§ 17200, et seq.

94.    Plaintiff, individually, and on behalf of the Represented Employees, has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of the Represented Employees, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

///

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

95.     Plaintiff, individually, and on behalf of the Represented Employees, is entitled to, and does seek such relief as may be necessary to disgorge the profits which Defendants have acquired, or of which Plaintiff and Represented Employees have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Represented Employees are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

96. .   Plaintiff, individually, and on behalf of the Represented Employees, is further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

97.     Pursuant to Business & Professions Code §§ 17200, et seq., Plaintiff and Represented Employees are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Represented Employees; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

**VII.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, on a representative basis, and all others similarly situated prays for judgment and relief against Defendants, jointly and severally, as follows:

1.    That the First through Sixth Causes of Action be certified as a class action;

2.    That Plaintiff be appointed as Class Representative;

3.    That counsel for Plaintiff be appointed Class Counsel;

4.    For all applicable statutory penalties recoverable under the First through Sixth Causes of Action to the extent permitted by law, including those pursuant to Labor Code and Orders of the Industrial Welfare Commission;

///

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Exhibit A
Page 30

5.      For reasonable attorneys' fees, costs of suit, and interest under the First through Sixth Causes of Action to the extent permitted by law, including those pursuant to the Labor Code;

6.      For injunctive relief and/or restitution as provided by the Labor Code and Business and Professions Code § 17200, *et seq.*;

7.      For a declaratory judgment that Defendants have violated Labor Code §§ 200, 201, 202, 203, 204, 208, 210, 218.6, 221, 223, 225.5, 226, 226.3, 226.7, 256, 510, 512, 558, 1174, 1174.5, 1194, and 1194.2, among other sections inadvertently omitted;

8.      For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties according to proof, including interest thereon;

9.      For pre- and post-judgment interest; and

10.     For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial as to the First through Sixth Causes of Action pled herein.

Dated:  June 8, 2017                         FERNANDEZ & LAUBY LLP

                              BY:  _____
                                   Brian J. Mankin, Esq.
                                   Peter J. Carlson, Esq.
                                   Attorneys for Plaintiff

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com