Brian J. Mankin, Esq. [CSB No. 216228]
Peter J. Carlson, Esq.      [CSB No. 295611]
FERNANDEZ & LAUBY LLP
4590 Allstate Drive
Riverside, CA  92501
Tel:  (951) 320-1444
Fax: (951) 320-1445
bjm@fernandezlauby.com
pjc@fernandezlauby.com

Attorneys for Plaintiff ALYSSA HERNANDEZ, individually, on a representative basis, and on behalf of all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ALYSSA HERNANDEZ, individually, on a representative basis, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Limited Liability Corporation; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.:  5:17-cv-01485 AB (KKx)<br><br>**FIRST AMENDED COMPLAINT**<br>*Filed As a Matter of Right Pursuant to Cal. Labor Code § 2699.3(a)(2)(C)*<br><br>**CLASS ACTION CLAIMS**<br>(1)  Failure to Pay Wages for All Hours Worked;<br>(2)  Failure to Provide Meal Periods;<br>(3)  Failure to Provide Rest Breaks;<br>(4)  Failure to Timely Pay Final Wages<br>(5)  Failure to Provide Accurate Itemized Wage Statements; and<br>(6)  Unfair and Unlawful Competition<br><br>**PAGA CLAIMS**<br>(7)  Failure to Pay Wages for All Hours Worked;<br>(8)  Failure to Provide Meal Periods;<br>(9)  Failure to Provide Rest Breaks;<br>(10) Failure to Timely Pay Wages; and<br>(11) Failure to Provide Accurate Itemized Wage Statements;<br><br>Complaint filed: 6/8/17 |

Plaintiff ALYSSA HERNANDEZ ("Plaintiff"), on behalf of herself, on a representative basis, and on behalf of others similarly situated, complains and alleges as follows.

## I.    INTRODUCTION AND GENERAL ALLEGATIONS

1.    Plaintiff brings this action against her employer, WAL-MART ASSOCIATES, INC., and DOES 1 through 10, (collectively the "Defendants") on behalf of herself, and all other similarly situated current and former non-exempt employees who were employed by Defendants in the State of California and who worked in a Walmart Fulfillment Center (hereinafter, the "Class" or "Represented Employees"), for California Labor Code violations stemming from Defendants' failure to pay wages for all hours worked, failure to provide mandated meal periods, failure to provide rest breaks, failure to timely pay wages, and failure to provide accurate itemized wage statements.

2.    Plaintiff has been employed by Defendants as a forklift operator at the Walmart Fulfillment Center since approximately July 2016.

3.    Plaintiff alleges on information and belief that the Represented Employees were subjected to the same policies, working conditions, and corresponding wage and hour violations to which Plaintiff was subjected during their employment.

4.    At all relevant times during Plaintiff's employment with Defendants, she was required to go through a security checkpoint when leaving the building during meal periods and at the end of her shift.  However, Defendants required Plaintiff to clock-out from its timekeeping system before going through the security checkpoint.  Although it often took 15 to 20 minutes for Plaintiff to get through the security checkpoint, Defendants did not provide any compensation to Plaintiff for this time spent subject to the control of Defendants.  As a result, Plaintiff was not fully compensated for all minimum, regular, and overtime wages.

5.    Furthermore, at all relevant times, Plaintiff was denied mandated 30-

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

1  minute off-duty meal periods, as mandated by California law, during her
2  employment with Defendants.  Defendant provided Plaintiff and the Represented
3  Employees with 30 minutes for meal periods, but this 30-minute period was
4  inclusive of the employee leaving the work area, waiting in a line to clock-out,
5  waiting in a long line to go through the security checkpoint, and then standing in
6  line to clock-in at the end of end of the meal period.  As Plaintiff and the
7  Represented Employees were only allotted 30 minutes for each meal period, yet
8  were under the control of the company when waiting clock in/out and to go
9  through the security checkpoint, Plaintiff and the Represented Employees were
10  regularly not provided with uninterrupted meal periods of at least 30 minutes, as
11  required by California law.  Also, the practical effect of Defendant's policy of
12  requiring employees to go through a security checkpoint to leave the premises for
13  meal periods often resulted in Plaintiff and the Represented Employees staying on
14  the premises and otherwise not exercising their right to leave the facility, as doing
15  so would further reduce the length of their meal periods.
16       6.     Also, at all relevant times, Plaintiff was not provided with 10 minutes
17  of net rest break time for every 4 hours worked, or major fraction thereof, as
18  mandated by California law. Plaintiff and the Represented Employees were not
19  permitted to take rest breaks at their station and, instead, were required to take rest
20  breaks only in designated rest areas.  As a result of the time required to travel to
21  and from the designated rest areas, Plaintiff and the Represented Employees were
22  not provided net rest periods of at least 10 minutes for each 4-hour work period, or
23  major fraction thereof.
24       7.     Plaintiff further alleges that Defendants engaged in the practice of
25  failing to pay all wages due and owing to Plaintiff and the Represented Employees
26  at the time their employment ended with Defendants, including, but not limited to
27  regular wages, minimum wages, wage premiums, among others.
28       8.     Plaintiff also alleges that she and the Represented Employees did not

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

receive accurate itemized wage statements that fully complied with the requirements of Labor Code § 226(a) due to violations including: failure to accurately state gross wages earned; failure to accurately state total hours worked; failure to accurately state all deductions; failure to accurately state net wages earned; and, failure to state all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

9.     Plaintiff alleges that Defendants' violations of the wage and hour components of the Labor Code and IWC Wage Orders enabled it to decrease expenses and to increase its level of productivity and profits, thereby allowing Defendants to gain an unfair advantage over its competitors.

10.     At all material times, Defendant and DOES 1 through 10 were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth  in Labor Code §§ 558(a)(1) and (2).

11.     Plaintiff brings this lawsuit seeking declaratory, injunctive, equitable, and monetary relief against Defendants and each of them, on behalf of herself and the Represented Employees to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, penalties, costs and expenses pursuant to California Labor Code §§ 201, 202, 203, 204, 208, 210, 218.6, 221, 223, 225.5, 226, 226.3, 226.7, 256, 510, 512, 1194, and 1194.2, among possibly other sections inadvertently omitted.  Plaintiff also reserves the right to name additional representatives throughout the State of California.

## II.     <u>JURISDICTION</u>

12.     This Court has jurisdiction over the claims for relief of Plaintiff and

Fernandez & Lauby LLP
www.California-Employment.Lawyers.com

the Represented Employees pursuant to the Labor Code and the IWC Wage Orders, among other sections.

## III. VENUE

13.     Venue as to each Defendant is proper in this Court, pursuant to Code of Civil Procedure § 395(a).  Defendants transact business in San Bernardino County and the unlawful acts alleged herein have a direct effect on Plaintiff and the Represented Employees in San Bernardino County.  Furthermore, Defendants employed or employ Plaintiff and Represented Employees in San Bernardino County.

## IV. PARTIES

### Plaintiff

14.     Plaintiff and Class Representative ALYSSA HERNANDEZ has been employed by Defendants since approximately July 2016, and performed work for Defendants in San Bernardino County, California.

### Defendants

15.     Plaintiff is informed and believes and thereon alleges that Defendant WAL-MART ASSOCIATES, INC., is a Delaware Limited Liability Company authorized to and doing business in San Bernardino County, California, and is and/or was the legal employer of Plaintiff and the Represented Employees during the applicable statutory periods.

16.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of penalties and damages to Plaintiff and all Represented Employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

17.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff and other similarly situated employees.

## V.     CLASS ACTION ALLEGATIONS

18.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

19.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Code of Civil Procedure § 382.

20.     The relevant time period for this class action is defined as the time period beginning four years prior to the filing of this action until judgment is entered (the "Relevant Time Period").

21.     The Class, also referred to as the "Represented Employees," that Plaintiff seeks to represent is defined as follows:

### Walmart Class

All current and former non-exempt employees employed by Defendants in the State of California and who worked in a Walmart Fulfillment Center at any time during the Relevant Time Period.

22.     Plaintiff also seeks to represent the following subclasses:

### Security Checkpoint Subclass

All Represented Employees who were required to go through a security checkpoint during a meal period and/or at the end of his/her shift during the Relevant Time Period.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

**Meal Break Subclass**

>All Represented Employees who worked a shift in excess of 5 hours during the Relevant Time Period.

**Rest Break Subclass**

>All Represented Employees who worked a shift of at least 3.5 hours during the Relevant Time Period.

**Waiting Time Penalty Subclass**

>All Represented Employees who separated from their employment with Defendants during the period three years before the filing of this action and ending when final judgment is entered.

**Wage Statement Penalties Subclass**

>All Represented Employees during the period one year before the filing of this action and ending when final judgment is entered.

23.   Plaintiff reserves the right to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

24.   Plaintiff, as Class Representative, is a member of the class and subclasses that she seeks to represent.

25.   This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable from Defendants' personnel and payroll records.

26.   **Numerosity:** The potential members of the Class as defined are so numerous that a joinder of all Represented Employees is impracticable. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' payroll and personnel records.

27. **Commonality:** There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation:

i. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to pay wages to Plaintiff and the Security Checkpoint Subclass for all hours worked, including minimum, regular, and overtime wages;

ii. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to provide mandated meal periods to Plaintiff and Meal Period Subclass and whether Defendants failed to compensate Plaintiff and the Meal Period Subclass with one additional hour of wages for each instance when a mandated meal period was not provided;

iii. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to provide paid rest breaks to Plaintiff and Rest Break Subclass and whether Defendants failed to compensate Plaintiff and the Rest Break Subclass with one additional hour of wages for each instance when a paid rest break was not provided;

iv. Whether Defendants violated the California Labor Code by failing to pay all wages due upon separation of employment between Defendants and Plaintiff and the Security Checkpoint Subclass, whether such separation was voluntary or involuntary;

v. Whether Defendants violated the California Labor Code by failing to provide Plaintiff and Represented Employees with complete, accurate, itemized wage statements;

vi. Whether Defendants violated California Business & Professions Code §§ 17200 *et seq.* due to the: failure to pay wages for all hours worked; failure to provide mandated meal periods; failure to provide mandated paid rest breaks; and, failure to timely pay final wages;

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

vii.     Whether Defendants violated § 17200 *et seq.* of the California Business and Professions Code and, without limitation, California Labor Code §§ 201, 202, 203, 204, 208, 210, 218.6, 221, 223, 225.5, 226, 226.3, 226.7, 256, 510, 512, 1194, and 1194.2, among possibly other sections inadvertently omitted, and the applicable IWC Wage Order, which violations constitute false, fraudulent, unlawful, unfair and deceptive business practices; and

viii.    Whether Plaintiff and Represented Employees are entitled to equitable relief pursuant to California Business & Professions Code §§ 17200 *et seq.*

28.    **Typicality:** Plaintiff's claims, as the Class Representative, are typical of the claims of The Class. Plaintiff, like other members of The Class, was subjected to Defendants' ongoing Labor Code and Wage Order violations including pertaining to the failure to pay wages for all hours worked, failure to provide mandated meal periods, failure to provide mandate paid rest breaks, failure to timely pay final wages, and failure to provide accurate itemized wage statements.

29.    **Adequacy of Representation.** Plaintiff, as the Class Representative, will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are not in conflict with those of the Class. Class Representatives' counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

30.    **Superiority of Class Action.** Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Represented Employees is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Represented Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment

will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS WORKED

(Labor Code §§ 221, 223, 1194, 1194.2, 1197; IWC Wage Order § 4)

(*Plaintiff and the Security Checkpoint Subclass*)

31.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

32.    Plaintiff and members of the Security Checkpoint Subclass were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

33.    At all relevant times herein, Plaintiff and members of the Security Checkpoint Subclass were required to go through a security checkpoint when leaving the building for a meal period and/or at the end of their shift.  However, Defendants required Plaintiff and members of the Security Checkpoint Subclass to clock-out from its timekeeping system before going through the security checkpoint.  Although it often took 15 to 20 minutes for Plaintiff and members of the Security Checkpoint Subclass to get through the security checkpoint, Defendants did not provide any compensation to Plaintiff and the Security Checkpoint Subclass for this time spent subject to the control of Defendants.  As a result, Plaintiff and the Security Checkpoint Subclass were not fully compensated for all minimum and regular wages.

34.    As a result of Defendants' policy or practice described above, Plaintiff and members of the Security Checkpoint Subclass were required to perform off-the-clock work that Defendants either knew or should have known they were performing.

35.    Consequently, Defendants violated California Labor Code laws and minimum wage laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

36.     Also, Plaintiff and members of the Security Checkpoint Subclass were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing payment of overtime wages.

37.     Labor Code § 204 requires that the employer timely pay all overtime wages to its employees.  Labor Code § 510(a) and the applicable IWC Wage Order § 3(A) provide that any work performed in excess of eight (8) hours in one workday or in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Furthermore, any work performed in excess of twelve (12) in one workday shall be compensated at twice the regular rate of pay for an employee.

38.     As a result of Defendants' failure to include the time spent by Plaintiff and members of the Security Checkpoint Subclass going through the security checkpoint after clocking out of the timekeeping system, Defendants failed to provide proper overtime compensation to Plaintiff and the Security Checkpoint Subclass for hours worked in excess of 8 and/or 12 per day and/or 40 per week.

39.     Defendants violate Labor Code §§ 204 and 510 and the applicable IWC Wage Order § 3(A) every pay period with respect to Plaintiff and the Security Checkpoint Subclass because Defendants failed to pay Plaintiff and members of the Security Checkpoint Subclass for all hours worked, including overtime hours, and required Plaintiff and the Security Checkpoint Subclass to work without being properly compensated for all overtime wages earned.

40.     Plaintiff is informed and believes and thereon allege that Defendants intentionally, willfully, and improperly failed to pay wages to Plaintiff and the Security Checkpoint Subclass for each hour worked in violation of Labor Code §§ 204, 221-223, 510, 1194 and 1197.

41.     Defendants' conduct was willful, as Defendants knew that Plaintiff

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

and the Security Checkpoint Subclass were entitled to be paid wages throughout the statutory period for each hour worked, including proper minimum and overtime wages, yet Defendants chose not to pay them in accordance thereto.

42.    At all material times, Defendants DOES 1 through 10 were and/or are Plaintiff and the Security Checkpoint Subclass' employers or persons acting on behalf of Plaintiff and the Security Checkpoint Subclass' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated Labor Code § 204 and a provision or provisions of Part 2, Chapter 1 of the California Labor Code regulating hours and days of work respectively.

43.    During Plaintiff's and the Security Checkpoint Subclass' employment, Defendants failed to pay them all wages to which they were entitled, thereby receiving an economic benefit.

44.    As a result of Defendants' wrongful conduct, Plaintiff and the Security Checkpoint Subclass have been damaged in amounts to be proven at trial.

45.    Plaintiff, on behalf of herself and the Security Checkpoint Subclass, seeks recovery of all unpaid wages, including unpaid minimum, regular, and overtime wages, liquidated damages, penalties, interest, attorneys' fees and costs of suit, pursuant to Labor Code §§ 1194 and 1194.2, against Defendants in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS
(Labor Code § 226.7 and 512; IWC Wage Order § 11, 12)
(*Plaintiff and the Meal Period Subclass*)

46.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

47.    Plaintiff and members of the Meal Period Subclass are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory meal periods.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

48.    Labor Code § 226.7 requires employers, including Defendants, to provide non-exempt employees with meal periods as mandated by the Industrial Welfare Commission.

49.    Labor Code § 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee the opportunity to take an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.  Employers may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

50.    Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order § 11(B), Defendants shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each meal period that is missed.

51.    At all relevant times herein, Plaintiff and members of the Meal Period Subclass were denied the 30-minute meal periods to which they were entitled.

52.    At all relevant times, Defendants employed a policy and practice that provided Plaintiff and members of the Meal Period Subclass with 30 minutes for meal periods, but this 30-minute period was inclusive of the employee leaving the work area, waiting in a line to clock-out, waiting in a long line to go through the security checkpoint, and then standing in line to clock-in at the end of end of the meal period.  As Plaintiff and members of the Meal Period Subclass were only allotted 30 minutes for each meal period, yet were under the control of the company when waiting to clock in/out and to go through the security checkpoint, Plaintiff and members of the Meal Period Subclass were regularly not provided with uninterrupted meal periods of at least 30 minutes, as required by California law.

53.     Also, the practical effect of Defendant's policy described above resulted in Plaintiff and members of the Meal Period Subclass being forced to stay on the premises for their meal periods, and otherwise not exercising their right to leave the facility, as leaving the premises would require a lengthy wait in the security checkpoint line, which would intrude into their meal periods.

54.     Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the Meal Period Subclass because Plaintiff and the Meal Period Subclass were not provided with all mandatory meal and Defendants failed to pay Plaintiff and the Meal Period Subclass one additional hour of compensation in lieu thereof.

55.     At all relevant times herein, Defendants failed to provide Plaintiff and the Meal Period Subclass all mandated meal periods and failed to pay wage premiums in lieu of mandated meal or rest periods, thereby receiving an economic benefit.

56.     On information and belief, Plaintiff and the Meal Period Subclass did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiff and the Meal Period Subclass were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not permit or authorize Plaintiff and the Meal Period Subclass to take meal periods in accordance with California law.

57.     By their failure to provide Plaintiff and the Meal Period Subclass with meal periods as required by California law, and failing to pay one hour of additional wages in lieu of each meal period not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order § 11. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period and/or paid rest break was not lawfully provided in an amount to be proven at time of trial.

58.     Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512, and IWC Wage Order § 11, Defendants, and each of them, are liable to Plaintiff and the Meal Period Subclass for penalties, reasonable attorneys' fees, costs, and interest under Labor Code §§ 218.5, 218.6, and 1194 and/or as permitted by law.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

(Labor Code § 226.7 and 512; IWC Wage Order § 12)

(*Plaintiff and the Rest Break Subclass*)

59.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

60.     Plaintiff and members of the Rest Break Subclass are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory rest breaks.

61.     Labor Code § 226.7 requires employers, including Defendants, to provide rest breaks to its non-exempt employees as mandated by Order of the Industrial Welfare Commission.

62.     The IWC Wage Order § 12 states, in part, that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Employees shall receive a 10-minute rest period every four hours or major fraction thereof that they are required to work.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

63.     Pursuant to Labor Code § 226.7(b) and Section 12(B) of the applicable Wage Order, Defendants shall pay Plaintiff one additional hour of pay at her regular rate of compensation for each day that the rest period is not provided.

64.     At all relevant times herein, Plaintiff and the Rest Break Subclass were not provided with 10 minutes of net rest break time for every 4 hours worked,

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

or major fraction thereof, as mandated by California law.  Plaintiff and the Rest Break Subclass were not permitted to take rest breaks at their station and, instead, were required to take their rest breaks in designated rest areas.  As a result of the time required to travel to and from the designated rest areas, Plaintiff and the Rest Break Subclass were not provided net rest periods of at least 10 minutes for each 4-hour work period, or major fraction thereof.

65.    Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the Rest Break Subclass because Plaintiff and the Rest Break Subclass were not provided with all mandatory rest periods and Defendants failed to pay Plaintiff and the Rest Break Subclass one additional hour of compensation in lieu thereof.

66.    At all relevant times herein, Defendants failed to provide Plaintiff and the Rest Break Subclass all mandated rest breaks and failed to pay wage premiums in lieu of mandated rest periods, thereby receiving an economic benefit.

67.    By their failure to provide Plaintiff and the Rest Break Subclass with rest breaks as required by California law, and failing to pay one hour of additional wages in lieu of each rest break not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order § 12. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period and/or paid rest break was not lawfully provided in an amount to be proven at time of trial.

68.    Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512, and IWC Wage Order § 12, Defendants, and each of them, are liable to Plaintiff and the Rest Break Subclass for penalties, reasonable attorneys' fees, costs, and interest under Labor Code §§ 218.5, 218.6, and 1194 and/or as permitted by law.

/ / /

/ / /

# FOURTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY FINAL WAGES

(Labor Code § 201 – 203)

(*Plaintiff and the Waiting Time Penalty Subclass*)

69.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

70.    Plaintiff and the Waiting Time Penalty Subclass are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of wages.

71.    Labor Code § 201 requires that the employer immediately pay any wages, without abatement or reduction, to any employee who is discharged.

72.    Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

73.    Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

74.    At all relevant times here, Defendants did not provide Plaintiff and the Waiting Time Penalty Subclass with all wages due and owing upon separation of employment, including, but not limited to, minimum, regular, and overtime wages, as well as meal and rest period premiums, within the time specified by Labor Code §§ 201 – 203.

75.    Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay to Plaintiff and the Waiting Time Penalty Subclass all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202.  Consequently, pursuant

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

to Labor Code § 203, Defendants owe Plaintiff and the Waiting Time Penalty Subclass the above-described waiting time penalty, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Labor Code § 226)

(*Plaintiff and the Wage Statement Penalties Subclass*)

76.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

77.    Plaintiff and the Wage Statement Penalties Subclass are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

78.    Labor Code § 226(a) requires that employers furnish its employees with written itemized wage statements, semimonthly or at the time of each payment of wages, that show the gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

79.    Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Wage Statement Penalties Subclass because Defendants failed to provide a wage statement to Plaintiff and the Wage Statement Penalties Subclass that complied with the requirements of Labor Code § 226(a) by failing to accurately state gross wages earned, failure to accurately state total hours worked, failure to accurately state all deductions, failure to accurately state net wages earned, and failure to state all applicable hourly rates in effect during the pay period and the corresponding number of hours at each hourly rate by the employee.

80.    Defendants' failure to provide the required writing deprived Plaintiff and the Wage Statement Penalties Subclass of the ability to know, understand, and

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

question the calculation and rate of pay and hours used to calculate the wages paid by Defendants.  Therefore, Plaintiff and the Wage Statement Penalties Subclass had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to said Defendants. As a direct result, Plaintiff and the Wage Statement Penalties Subclass have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damages in amounts according to proof at trial.

81.    As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and the Wage Statement Penalties Subclass have suffered an injury in that each was prevented from knowing, understanding and disputing the wage payments paid to them.  Furthermore, Plaintiff and the Wage Statement Penalties Subclass have each suffered an injury in that the failure to show all wages earned on the itemized wage statements resulted in Plaintiff and the Wage Statement Penalties Subclass being denied all necessary deductions, payments, and withholdings owed by the employer, including, but not limited to, the failure to make all necessary contributions for unemployment benefits, social security benefits, proper payment of taxes and withholdings, and other mandated state and federal benefits.

82.    Plaintiff has also been injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

83.    Labor Code § 226(e) requires said Defendants to pay the greater of all actual damages or fifty dollars ($50.00) per employee for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to Plaintiff

and the Wage Statement Penalties Subclass who were injured by Defendants' failure to comply with Labor Code § 226(a). The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

**SIXTH CAUSE OF ACTION**

**UNFAIR AND UNLAWFUL COMPETITION**

(Business and Professions Code § 17200 *et seq.*)

(*Plaintiff and the Represented Employees*)

84.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

85.    California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice." The Represented Employees, including Plaintiff, have suffered and continue to suffer injuries in fact, due to the unfair and unlawful business practices of Defendants as alleged herein.

86.    Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

87.    As alleged herein, Defendants engaged in conduct that violated California's wage and hour laws, including failure to pay wages for all hours worked, failure to provide mandated meal periods and rest breaks, and failure to timely pay final wages, all in order to decrease their costs and increase their profits.

88.    At all times relevant herein, Defendants did not pay Plaintiff and the Represented Employees wages and monies and other financial obligations to which they were entitled.

89.    As a result of Defendants' failure to comply with the Labor Code and IWC Orders, Represented Employees, including Plaintiff, suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Bus.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

& Prof. Code § 17200, *et seq*.

90.    Defendants' violations of the California Labor Code and IWC Wage Orders and its scheme to lower its payroll costs as alleged herein, constitute unlawful and unfair business practices because it was done in a systematic manner over a period of time to the detriment of the Plaintiff and all others similarly-situated.

91.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Represented Employees, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

92.    A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy, and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code §§ 17200, et seq.

93.    Plaintiff, individually, and on behalf of the Represented Employees, has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of the Represented Employees, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

94.    Plaintiff, individually, and on behalf of the Represented Employees, is entitled to, and does seek such relief as may be necessary to disgorge the profits which Defendants have acquired, or of which Plaintiff and Represented Employees

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Represented Employees are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

95.     Plaintiff, individually, and on behalf of the Represented Employees, is further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

96.     Pursuant to Business & Professions Code §§ 17200, et seq., Plaintiff and Represented Employees are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Represented Employees; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## VI.     LABOR CODE PRIVATE ATTORNEYS GENERAL ACT CAUSES OF ACTION (*Cal. Lab. Code.* §§ 2698 – 2699.5)

97.     Plaintiff is an "aggrieved employee" under the PAGA as she was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein. As such, Plaintiff may recover the remedies described herein in a civil action filed on behalf of herself and all other similarly situated current and former aggrieved employees against whom one or more of the alleged violations was committed.

98.     Plaintiff seeks to recover all applicable and available PAGA remedies pursuant to Labor Code § 2699, as well as attorneys' fees, costs, and/or other damages as permitted by PAGA through a representative action pursuant to the PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal.

4th 969.   Therefore, Plaintiff is not required to, nor does she, seek class certification of the PAGA claims under Code of Civil Procedure § 382.

99.     Pursuant to Labor Code § 2699.3(a), on June 8, 2017, Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendant WAL-MART ASSOCIATES, INC., of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) days have elapsed since the date Plaintiff provided written notice of the claims alleged herein without the LWDA assuming jurisdiction over the claims alleged. Accordingly, Plaintiff has fully satisfied her administrative prerequisites to suit under the PAGA.

## SEVENTH CAUSE OF ACTION
### PAGA ASSESSMENT FOR
### FAILURE TO PAY WAGES FOR ALL HOURS WORKED
(Labor Code §§ 221, 223, 1194, 1194.2, 1197; IWC Wage Order § 4)

100.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

101.   Plaintiff and the Represented Employees were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

102.   At all relevant times herein, Plaintiff and the Represented Employees were required to go through a security checkpoint when leaving the building for a meal period and/or at the end of their shift.  However, Defendants required Plaintiff and the Represented Employees to clock-out from its timekeeping system before going through the security checkpoint.  Although it often took 15 to 20 minutes for Plaintiff and the Represented Employees to get through the security checkpoint, Defendants did not provide any compensation to Plaintiff and the Represented Employees for this time spent subject to the control of Defendants.

As a result, Plaintiff and the Represented Employees were not fully compensated for all minimum and regular wages.

103.    As a result of Defendants' policy or practice described above, Plaintiff and the Represented Employees were required to perform off-the-clock work that Defendants either knew or should have known they were performing.

104.    Consequently, Defendants violated California Labor Code laws and minimum wage laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

105.    Also, Plaintiff and the Represented Employees were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing payment of overtime wages.

106.    Labor Code § 204 requires that the employer timely pay all overtime wages to its employees.  Labor Code § 510(a) and the applicable IWC Wage Order § 3(A) provide that any work performed in excess of eight (8) hours in one workday or in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Furthermore, any work performed in excess of twelve (12) in one workday shall be compensated at twice the regular rate of pay for an employee.

107.    As a result of Defendants' failure to include the time spent by Plaintiff and the Represented Employees going through the security checkpoint after clocking out of the timekeeping system, Defendants failed to provide proper overtime compensation to Plaintiff and the Represented Employees for hours worked in excess of 8 and/or 12 per day and/or 40 per week.

108.    Defendants violate Labor Code §§ 204 and 510 and the applicable IWC Wage Order § 3(A) every pay period with respect to Plaintiff and and the Represented Employees because Defendants failed to pay Plaintiff and the Represented Employees for all hours worked, including overtime hours, and

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

required Plaintiff and the Represented Employees to work without being properly compensated for all overtime wages earned.

109.    Plaintiff is informed and believes and thereon allege that Defendants intentionally, willfully, and improperly failed to pay wages to Plaintiff and the Represented Employees for each hour worked in violation of Labor Code §§ 204, 221-223, 510, 1194 and 1197.

110.    As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under the PAGA.

## EIGHTH CAUSE OF ACTION

## PAGA ASSESSMENT FOR FAILURE TO PROVIDE MEAL PERIODS

(Labor Code § 226.7 and 512; IWC Wage Order § 11, 12)

111.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

112.    Plaintiff and the Represented Employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory meal periods.

113.    Labor Code § 226.7 requires employers, including Defendants, to provide non-exempt employees with meal periods as mandated by the Industrial Welfare Commission.

114.    Labor Code § 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee the opportunity to take an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.  Employers may not employ an employee for a work period more than 10 hours per day

without providing the employee with a second meal period of not less than 30 minutes.

115.    Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order § 11(B), Defendants shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each meal period that is missed.

116.    At all relevant times herein, Plaintiff and the Represented Employees were denied the 30-minute meal periods to which they were entitled.

117.    At all relevant times, Defendants employed a policy and practice that provided Plaintiff and the Represented Employees with 30 minutes for meal periods, but this 30-minute period was inclusive of the employee leaving the work area, waiting in a line to clock-out, waiting in a long line to go through the security checkpoint, and then standing in line to clock-in at the end of end of the meal period.  As Plaintiff and the Represented Employees were only allotted 30 minutes for each meal period, yet were under the control of the company when waiting to clock in/out and to go through the security checkpoint, Plaintiff and the Represented Employees were regularly not provided with uninterrupted meal periods of at least 30 minutes, as required by California law.

118.    Also, the practical effect of Defendant's policy described above resulted in Plaintiff and the Represented Employees being forced to stay on the premises for their meal periods, and otherwise not exercising their right to leave the facility, as leaving the premises would require a lengthy wait in the security checkpoint line, which would intrude into their meal periods.

119.    Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the Represented Employees because Plaintiff and the Represented Employees were not provided with all mandatory meal and Defendants failed to pay Plaintiff and the Represented Employees one additional hour of compensation in lieu thereof.

120.    On information and belief, Plaintiff and the Represented Employees

did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiff and the Represented Employees were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not permit or authorize Plaintiff and the Represented Employees to take meal periods in accordance with California law.

121.   As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under the PAGA.

## NINTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO PROVIDE REST BREAKS

(Labor Code § 226.7 and 512; IWC Wage Order § 12)

122.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

123.   Plaintiff and the Represented Employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory rest breaks.

124.   Labor Code § 226.7 requires employers, including Defendants, to provide rest breaks to its non-exempt employees as mandated by Order of the Industrial Welfare Commission.

125.   The IWC Wage Order § 12 states, in part, that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Employees shall receive a 10-minute rest period every four hours or major fraction thereof that they are required to work.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

126.   Pursuant to Labor Code § 226.7(b) and Section 12(B) of the

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

applicable Wage Order, Defendants shall pay Plaintiff one additional hour of pay at her regular rate of compensation for each day that the rest period is not provided.

127.   At all relevant times herein, Plaintiff and the Represented Employees were not provided with 10 minutes of net rest break time for every 4 hours worked, or major fraction thereof, as mandated by California law.  Plaintiff and the Represented Employees were not permitted to take rest breaks at their station and, instead, were required to take their rest breaks in designated rest areas.  As a result of the time required to travel to and from the designated rest areas, Plaintiff and the Represented Employees were not provided net rest periods of at least 10 minutes for each 4-hour work period, or major fraction thereof.

128.   Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and the Represented Employees because Plaintiff and the Represented Employees were not provided with all mandatory rest periods and Defendants failed to pay Plaintiff and the Represented Employees one additional hour of compensation in lieu thereof.

129.   As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under the PAGA.

## TENTH CAUSE OF ACTION

## PAGA ASSESSMENT FOR FAILURE TO TIMELY PAY WAGES

### (Labor Code § 201 – 204)

130.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

131.   Plaintiff and the Represented Employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of wages.

132.   Labor Code § 201 requires that the employer immediately pay any

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

wages, without abatement or reduction, to any employee who is discharged.

133.  Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

134.  Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

135.  Labor Code § 204(a) states that all wages earned by a person are due and payable twice during each calendar month, and further states that wages earned during the first through fifteenth days of the month must be paid no later than the twenty-sixth day of the month, and that wages earned between the sixteenth and last day of the month must be paid by the tenth day of the following month.  Labor Code § 204(d) states "[t]he requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

136.  At all relevant times herein, Defendants did not provide Plaintiff and Represented Employees with all wages due and owing, including, but not limited to, regular wages, overtime wages, minimum wages, and wage premiums, among others, within the time specified by Labor Code § 204.

137.  Furthermore, Defendants did not provide Plaintiff and certain affected Represented Employees with all wages due and owing, including all regular and overtime wages, minimum wages, and wage premiums, within the time specified by Labor Code §§ 201 or 202. Despite these violations, Defendants failed to pay Plaintiff and the affected Represented Employees waiting time penalties in accordance with Labor Code § 203.

138.   Plaintiff is informed and believes and thereon alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay to Plaintiff and certain affected Represented Employees all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202.

139.   As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under the PAGA.

## ELEVENTH CAUSE OF ACTION
## PAGA ASSESSMENT FOR
## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Labor Code § 226)

140.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

141.   Plaintiff and the Represented Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

142.   Labor Code § 226(a) requires that employers furnish its employees with written itemized wage statements, semimonthly or at the time of each payment of wages, that show the gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

143.   Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Represented Employees because Defendants failed to provide a wage statement to Plaintiff the Represented Employees that complied with the requirements of Labor Code § 226(a) by failing to accurately state gross wages

earned, failure to accurately state total hours worked, failure to accurately state all deductions, failure to accurately state net wages earned, and failure to state all applicable hourly rates in effect during the pay period and the corresponding number of hours at each hourly rate by the employee.

144.   As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under the PAGA.

## VII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, on a representative basis, and all others similarly situated prays for judgment and relief against Defendants, jointly and severally, as follows:

1.     As to the Seventh through Eleventh Causes of Action, the assessment of all applicable and available remedies under PAGA in accordance with Labor Code § 2699 and/or any other damages permitted under PAGA provided for by the California Labor Code Private Attorneys General Act of 2004 (Labor Code § 2698, *et seq.*) as a result of Defendants' violations of the Labor Code as alleged herein;

2.     For reasonable attorneys' fees and costs as permitted under PAGA;

3.     That the First through Sixth Causes of Action be certified as a class action;

4.     That Plaintiff be appointed as Class Representative;

5.     That counsel for Plaintiff be appointed Class Counsel;

6.     For all applicable statutory penalties recoverable under the First through Sixth Causes of Action to the extent permitted by law, including those pursuant to Labor Code and Orders of the Industrial Welfare Commission;

7.     For reasonable attorneys' fees, costs of suit, and interest under the First through Sixth Causes of Action to the extent permitted by law, including those pursuant to the Labor Code;

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

8.      For injunctive relief and/or restitution as provided by the Labor Code and Business and Professions Code § 17200, *et seq.*;

9.      For a declaratory judgment that Defendants have violated Labor Code §§ 200, 201, 202, 203, 204, 208, 210, 218.6, 221, 223, 225.5, 226, 226.3, 226.7, 256, 510, 512, 558, 1174, 1174.5, 1194, and 1194.2, among other sections inadvertently omitted;

10.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties according to proof, including interest thereon;

11.     For pre- and post-judgment interest; and

12.     For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial as to the First through Sixth Causes of Action pled herein.


Dated:  August 15, 2017                    FERNANDEZ & LAUBY LLP


                                           BY:    /s/ Peter J. Carlson
                                                  Brian J. Mankin, Esq.
                                                  Peter J. Carlson, Esq.
                                                  Attorneys for Plaintiff

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com